UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD SCRIMA,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK DEPARTMENT OF CORRECTION, CITY OF NEW YORK, and JOHN DOE Nos. 1-10, Individually and in their Official Capacities (the name "John Doe" being fictitious, as the true names are presently unknown),<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Ronald Scrima ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the above-referenced Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for the wrongful acts of defendants CITY OF NEW YORK DEPARTMENT OF CORRECTION, CITY OF NEW YORK, and JOHN DOE Nos. 1-10 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.     This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1988, the Fifth and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff

invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative fact that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## **VENUE**

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## **TRIAL BY JURY**

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

6.      At all times relevant hereto, Plaintiff Ronald Scrima was a resident of Bronx County located in the Southern District of New York.

7.      Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls Defendant DEPARTMENT OF CORRECTION.

8.      At all times relevant to this action, Defendants JOHN DOE Nos. 1-10 were officials employed by the DEPARTMENT OF CORRECTION or NEW YORK STATE DIVISION OF PAROLE and acting under color of state law.

9.      Defendants JOHN DOE Nos. 1-10 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.     Defendant CITY was responsible for the hiring, training, supervision, discipline, retention, and promotion of the officials and employees of DEPARTMENT OF CORRECTION.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and its DEPARTMENT OF CORRECTION, pursuant to their authority as employees, servants, and agents of Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and officers.

## FACTS

12.     On or about July 13, 2015, Plaintiff was allegedly involved in an incident that was a violation of the conditions of Plaintiff's parole then in effect.

13.     On or about July 30, 2015, Plaintiff surrendered himself and was then released on his own recognizance.

14.     On August 4, 2015, Plaintiff attended a scheduled meeting with his Parole Officer during which time Plaintiff informed his Parole Officer of the above-mentioned incident and arrest, which was deemed a violation his parole.

15.     As a result, Plaintiff was taken into custody on or about August 4, 2015.

16.     Plaintiff was ultimately detained at Rikers Island Correctional Facility, Violation of Parole ("VOP") house where he remained until his ultimate release.

17.     During his detention at Rikers Island, Plaintiff was scheduled to appear at a hearing on August 17, 2015 regarding the violation of his parole.

18.     Had the August 17, 2015 hearing taken place as scheduled, it would have ensured Plaintiff was not unlawfully detained.

19.     However, the parole hearing did not take place as scheduled on August 17, 2015, nor did it take place on any later date.

20.     Plaintiff's Maximum Exposure date – the date on which his parole expired – was August 28, 2015.

21.     While Plaintiff might have regained his freedom as early as August 17, 2015, the latest date Plaintiff's violation of parole warrant should have extended was August 28, 2015. Therefore, Plaintiff should have been released no later than August 28, 2015.

22.     However, Defendants did not release Plaintiff on August 28, 2015.

23.     When Plaintiff was not released on August 28, 2015, counsel representing him at the time contacted Defendants to inquire as to the reason for Defendants' failure to release him.

24.     Upon information and belief, Defendants failed to properly process the paperwork necessary to lift Mr. Scrima's violation of parole warrant in a timely manner.

25.     On September 11, 2015, the warrant on Plaintiff was finally lifted.

26.     Plaintiff was finally released from Rikers Island Correctional Facility on September 12, 2015, fifteen (15) days past his Maximum Release Date.

27.     While in custody, Plaintiff was not allowed access to his prescription medication.

28.     Moreover, as a result of Defendants' delay in processing the paperwork necessary to lift the warrant on Plaintiff, Plaintiff was deprived of his freedom without due process, causing him to miss work and family events.

29.     As a result of the aforementioned violations of his civil rights, Plaintiff Scrima was deprived of his right to a hearing concerning his violation of parole and was over-detained at Rikers Island Correctional Facility for approximately twenty nine (29) days, including the fifteen (15)

days Plaintiff was detained at Rikers Island Correctional Facility past his Maximum Exposure Date.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

30.     Plaintiff Ronald Scrima repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

32.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

33.     The acts complained of were carried out by the aforementioned individual Defendants in their official capacities, with the entire actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual Defendants in their official capacities, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its DEPARTMENT OF CORRECTION, and other agencies all under the supervision of ranking officers of said departments.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

36.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

37.     Defendants' actions were not in furtherance of any legitimate interest and were not otherwise privileged.

38.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

39.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**SECOND CLAIM FOR RELIEF:**
**DELIBERATE INDIFFERENCE LIABILITY OF THE CITY OF NEW YORK FOR THE CONSTITUTIONAL VIOLATIONS OF ITS EMPLOYEES UNDER 42 U.S.C. § 1983**

40.     Plaintiff Ronald Scrima repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

41.     Defendants and their administrators, policy makers, supervisors, and employees caused the intentional, unjustified over-detention of Plaintiff by deliberate indifference to the risk of constitutional injury of over-detention in administering records relating to inmates' detention and release.

42.     Over-detaining any person without due process violates that person's Fifth and Fourteenth Amendment rights.

43.     At all relevant times Defendants' employees were acting within the scope of their employment, their acts were motivated by a desire to further the interests of the Defendants, and such employees were acting in furtherance of the business of Defendants.

44.     Defendants are therefore liable by virtue of their deliberate indifference under 42 U.S.C. § 1983 for constitutional injuries to Plaintiff by the conduct of such employees.

45.     Accordingly, Plaintiff is entitled to damages to be determined at trial, and Plaintiff is entitled to injunctive relief.

**THIRD CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

46.     Plaintiff Ronald Scrima repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

47.     The acts complained of were carried out by the aforementioned individual Defendants in their official capacities, with the entire actual and/or apparent authority attendant thereto.

48.     The acts complained of were carried out by the aforementioned individual Defendants in their official capacities pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the DEPARTMENT OF CORRECTION, all under the supervision of ranking officers of said department.

49.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the DEPARTMENT OF CORRECTION constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

50.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the DEPARTMENT OF CORRECTION were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

51.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the DEPARTMENT OF CORRECTION were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

52.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

53.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate employees and officials, and were directly responsible for the violation of Plaintiff's constitutional rights.

54.     Defendant CITY, as municipal policymaker in the training and supervision of the DEPARTMENT OF CORRECTION, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

55.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right not to be deprived of liberty without due process of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:       New York, New York
             April 12, 2016

                              Respectfully submitted,


                              _____
                              Kim E. Richman
                              THE RICHMAN LAW GROUP
                              81 Prospect Street
                              Brooklyn, NY 11201
                              krichman@richmanlawgroup.com
                              718-705-4579 (telephone)
                              718-228-8522 (facsimile)

                              *Attorney for Plaintiff*